IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ROHN M. DICKERSON,          *

     Plaintiff,          *

     v.          *          CIVIL NO.: WDQ-12-2593

MACK TRUCKS, INC., *et al.*,          *

     Defendants.          *

                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Rohn M. Dickerson sued Mack Trucks, Inc. ("Mack Trucks"), Volvo Group North America, LLC ("Volvo"), (collectively, the "defendants") and others,[1] for employment discrimination and related claims. Pending is the defendants' motion for partial dismissal. For the following reasons, the motion will be granted.

---

[1] Mack Trucks and Volvo are the only remaining defendants. On November 26, 2012, Dickerson voluntarily dismissed the United Auto Workers and UAW Local 2301. ECF No. 18. On November 13, 2012, Dickerson, Mack Trucks, and Volvo stipulated to the dismissal of Volvo Parts North America, LLC, which is not an entity. ECF No. 11. The Clerk entered dismissal of Volvo instead of Volvo Parts North America, and will be directed to correct the docket.

I.    Background[2]

In early 2005, Mack Trucks hired Dickerson, a 40 year old African-American man, as a Parts Selector. ECF No. 1 ¶¶ 4, 9, 16. On January 27, 2008, Dickerson began to feel ill at work and told UAW Local 2301 president Ken Womack that he needed to see a doctor. *Id.* ¶ 10. Womack told Dickerson that he needed a doctor's note to be excused from work. *Id.* ¶ 11. Dickerson visited the Mercy Medical Hospital emergency room, was diagnosed with an upper respiratory infection, and advised to take off work for the next few days. *Id.* ¶ 12. When Dickerson informed Womack, Womack reiterated the need for a doctor's note. *Id.* ¶ 13.

On January 29, 2008, Dickerson visited his primary care physician because of his continued illness, and was given a prescription and advised to take more days off. *Id.* ¶ 14. Womack again stressed the need for a doctor's note. *Id.* On February 5, 2008, Dickerson returned to work and gave doctor's notes to plant manager Tom Keeling. *Id.* ¶ 15. Shortly after he began work, Keeling told Dickerson that he was suspended pending

---

[2] For a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

an investigation into the doctor's notes. *Id.* After a week, union shop steward Justin Fagail informed Dickerson that Womack considered him still suspended. *Id.* ¶ 17. At some time,[3] Dickerson told "Keeling and Womack that other white employees, including [G.W.] and [J.W.] had attendance violations and accumulation of absentee points that exceeded" his. *Id.* ¶ 48.

Although Dickerson inquired about his employment status, Mack Trucks "never notified [Dickerson] that he was terminated but rather was either non-responsive or advised [Dickerson] that he was still suspended." *Id.* ¶ 18. One month later, Womack "made a lowball monetary offer if [Dickerson] would sign a document stating that he would sever ties with" Mack Trucks. *Id.* ¶ 18. Dickerson refused and was apparently terminated. *See id.* ¶¶ 16, 19. In May 2008,[4] Dickerson contacted the Equal Employment Opportunity commission, and on July 24, 2009, filed a formal charge of discrimination, checking the boxes for race, sex, and age.[5] *Id.* ¶ 2; ECF No. 13-2. On May 31, 2012, the EEOC mailed a right to sue letter, which Dickerson received on June 6, 2012. ECF No. 1 ¶ 3; ECF No. 1-1.

---

[3] The complaint does not allege a date.

[4] The charge in the record is dated July 24, 2009. ECF No. 13-2. The reason for the discrepancy is not clear.

[5] The box for retaliation is not checked, and the text of the charge does not refer to retaliation. *See* ECF No. 13-1.

On August 29, 2012, Dickerson filed suit alleging, (I) disparate treatment in violation of Title VII of the Civil Rights Act of 1964, as amended,[6] (II) disparate treatment in violation of 42 U.S.C. § 1981, (III) retaliation in violation of Title VIII and § 1981, (V)[7] disparate treatment in violation of the Age Discrimination in Employment Act of 1967, as amended,[8] (VI) intentional infliction of emotional distress, and (VII) wrongful discharge.[9] ECF No. 1. On November 13, 2012, the defendants moved to dismiss Counts II, III, VI, and VII.[10] On December 13, 2012, Dickerson opposed the motion, ECF No. 21, and on January 11, 2013, the defendants replied, ECF No. 22.

II. Analysis

The defendants assert that Counts II, the § 1981 portion of Count III, Count VI, and Count VII are time barred, and the Court lacks jurisdiction to consider the Title VII portion of Count III. ECF No. 13-1.

---

[6] 42 U.S.C. §§ 2000e *et seq.*

[7] The complaint does not contain a Count IV, but for clarity the Court, like the parties, will use the numbering in the complaint.

[8] 29 U.S.C. §§ 621 *et seq.*

[9] Dickerson also alleged breach of contract and breach of fiduciary duty against the union defendants, who have been voluntarily dismissed. *See* ECF Nos. 1, 18.

[10] The defendants will answer Counts I and V after the resolution of this motion. *See* ECF Nos. 12, 16.

A.    Legal Standards

    1.    Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed
for failure to state a claim upon which relief can be granted.
Rule 12(b)(6) tests the legal sufficiency of a complaint, but
does not "resolve contests surrounding the facts, the merits of
a claim, or the applicability of defenses." *Presley v. City of
Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a
"short and plain statement of the claim showing that the pleader
is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l
Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's
notice-pleading requirements are "not onerous," the plaintiff
must allege facts that support each element of the claim
advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761,
764-65 (4th Cir. 2003). These facts must be sufficient to
"state a claim to relief that is plausible on its face." *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[]
facts that are 'merely consistent with a defendant's
liability'"; the facts pled must "allow[] the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must

not only allege but also "show" that the plaintiff is entitled
to relief. *Id.* at 679 (internal quotation marks omitted).
"Whe[n] the well-pleaded facts do not permit the court to infer
more than the mere possibility of misconduct, the complaint has
alleged—but it has not shown—that the pleader is entitled to
relief." *Id.* (internal quotation marks and alteration omitted).
An affirmative defense, such as the statute of limitations, may
be raised in a motion to dismiss if clear from the face of the
complaint. *See Brooks v. City of Winston-Salem*, 85 F.3d 178,
181 (4th Cir. 1996).

> 2.    Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an
action if it discovers it lacks subject matter jurisdiction.
The plaintiff has the burden of proving the Court has juris-
diction, and the Court must make all reasonable inferences in
the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600,
606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The
Court may "look beyond the pleadings" to decide whether it has
subject matter jurisdiction, but it must presume that the
factual allegations in the complaint are true. *Id.*

> B.    Statute of Limitations

The defendants assert that Count II, the § 1981 portion of
Count III, Count VI, and Count VII are untimely. ECF No. 13-1.

Dickerson appears to concede that the suit was untimely on these claims and seeks equitable tolling. ECF No. 21 Mem. at 3.

Section 1981 is governed by the general federal four-year limitations period. *See Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 878 (D. Md. 2012); *see* 28 U.S.C. § 1658. Under Maryland law, the general statute of limitations is three years for intentional infliction of emotional distress and wrongful discharge claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Arroyo v. Bd. of Educ. of Howard Cnty.*, 851 A.2d 576, 580 (Md. 2004); *Knickman v. Prince George's Cnty.*, 187 F. Supp. 2d 559, 563-64 (D. Md. 2002). As Dickerson was terminated in either February or March 2008, and the complaint was filed on August 29, 2012, these claims are untimely.

Dickerson asserts that equitable tolling should preserve these claims. ECF No. 21 Mem. at 3-7. "Equitable tolling applies in two general kinds of situations. In the first, the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. In the second, extraordinary circumstances beyond the plaintiffs' control made it impossible to file the claims on time." *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011).

Dickerson claims he is entitled to equitable tolling because he was unaware of the statutes of limitations, and the

EEOC has told him that he "could not initiate a lawsuit" without a right to sue letter. ECF Nos. 21 Mem. at 4; 21-1 ¶ 3. The EEOC was, of course, correct that Dickerson could not file his Title VII claims until he had exhausted his administrative remedies. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009). From Dickerson's description of the EEOC's statement, there was no reason for him to infer that he could not sue on claims not before the EEOC. *Cf.* ECF No. 21-1 ¶ 3. Further, "[t]he Fourth Circuit and its lower courts have rejected arguments that the statute of limitations for [§ 1981 and] state law tort claims should be equitably tolled where the claims arose from the same facts as a discrimination claim that was being administratively exhausted."[11] The defendants have done nothing to frustrate Dickerson's filing suit, and he has not shown that any exceptional circumstance is present; accordingly, he is not entitled to equitable tolling. *See Crabill*, 423 F. App'x at 321. Counts II, III as to the § 1981 claim, VI, and VII will be dismissed as time barred.[12]

---

[11] *Holmes v. Marion Sch. Dis. One*, No. 4:10-2221-TLW-SVH, 2011 WL 4548204 at *4 (D.S.C. July 6, 2011), *adopted in relevant part*, 2011 WL 4591647 (Sept. 30, 2011) (*citing McNeal v. Montgomery Cnty.*, 307 F. App'x 766, 772 (4th Cir. 2009); *Knickman*, 187 F. Supp. 2d at 564; *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462-66 (1971) (§ 1981 claim not tolled)).

[12] Accordingly, the Court need not address the defendants' alternative arguments on the merits of Counts VI and VII. *See* ECF No. 13-1 at 10-18.

C.    Failure to Exhaust the Title VII Retaliation Claim

The defendants assert that Dickerson may not bring his Title VII retaliation claim because it is unexhausted.[13]  ECF No. 13-1 at 7.  Dickerson contends that he need not have checked the "retaliation" box on his charge.  ECF No. 21 Mem. at 7.  "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim."  *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Dickerson relies on *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992), for the proposition that he need not have asserted retaliation in the charge.  ECF No. 21 Mem. at 7.  In *Nealon*, the Fourth Circuit held that the plaintiff had no need to file a second EEOC charge after she was retaliated against for her first charge with the agency.  *See Nealon*, 958 F.2d at 590.  The *Nealon* court favorably quoted the Seventh Circuit's reasoning

---

[13] The Court notes that the charge was not filed with the EEOC until July 24, 2009, considerably more than a year after the alleged discrimination.  *See* ECF No. 13-2.  This late filing of the charge does not deprive the Court of jurisdiction.  *See* 42 U.S.C. § 2000e-5(e)(1) (requiring a charge be filed within 300 days in deferral states, such as Maryland); *Zipes v. Trans World Airline, Inc.*, 455 U.S. 385, 393 (1982) ("[A] timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.* (4th Cir. 2001) (describing Maryland as a deferral state).

that "[h]aving once been retaliated against for filing an administrative charge, the plaintiff will naturally be gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation." *Id.* (*quoting Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989); *see also Jones*, 551 F.3d at 301-02 (explaining reasoning of *Nealon*).

*Nealon* does not excuse Dickerson's failure to exhaust his administrative remedies. Unlike the *Nealon* situation the alleged retaliation--his termination--occurred before Dickerson filed his EEOC charge; there was no further retaliation to fear after he had lost his job. "The concerns raised in *Nealon* about a complainant's reluctance to file a second charge are simply not relevant here," and *Nealon* does not excuse Dickerson's failure to exhaust. *Crosten v. Kamauf*, 932 F. Supp. 676, 683-84 (D. Md. 1996); *cf. Jones*, 551 F.3d at 304 (applying *Nealon* when plaintiff was terminated *after* she received her right to sue letter). Accordingly, this Court lacks subject matter jurisdiction over the Title VII portion of Count III which will be dismissed.

III. Conclusion

For the reasons stated above, the defendants' motion for partial dismissal will be granted.

_____7/9/13_____
Date

_____
William D. Quarles, Jr.
United States District Judge